**The document below is hereby signed.**

**Dated: September 11, 2012.**



_S. Martin Teel Jr._

**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
EARL RUDOLPH BEDNEY,                 )     Case No. 12-00302
                                     )     (Chapter 7)
              Debtor.                )     Not for publication in
                                     )     West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER DISMISSING EMERGENCY MOTION TO
DISMISS FORECLOSURE PROCEEDING AND MOTION SEEKING LEAVE TO PLEAD

The debtor has filed motions seeking to challenge a
creditor's foreclosure efforts against his home.  The motions
will be dismissed for lack of subject matter jurisdiction as the
motions do not "arise under" the Bankruptcy Code, do not "arise
in" the bankruptcy case, and are not "related to" the bankruptcy
case within the meaning of 28 U.S.C. § 1334(b), the statute
conferring limited subject matter jurisdiction over proceedings
in this court.

As this court explained in granting relief from the
automatic stay, the debtor has not pointed to any right he has
under the Bankruptcy Code that would authorize alteration of the
creditor's foreclosure rights.  Instead, the debtor challenges
the foreclosure under nonbankruptcy law.  The debtor's motions do

not "arise under" the Bankruptcy Code within the meaning of
§ 1334(b).

Nor do the motions "arise in" the bankruptcy case within the
meaning of § 1334(b).  The challenges already have an existence
outside of the bankruptcy case.

Nor are the motions "related to" the bankruptcy case within
the meaning of § 1334(b).  The debtor claimed 100% of the "FMV"
(meaning fair market value) of his home as exempt property.  The
time for objecting to the exemption has expired (unless the
debtor were to assert that he fraudulently claimed the exemption
or that 11 U.S.C. § 522(q) will apply in this case).  *See* Fed. R.
Bankr. P. 4003(b).  Because the debtor does not contend that he
fraudulently claimed the exemption or that § 522(q) will apply in
this case, the debtor has failed to show that the property has
not become exempt property.  11 U.S.C. § 522(l).  Property, once
exempt, is no longer property of the estate.  Accordingly, the
debtor has not shown that stopping the foreclosure sale would
have an impact on the administration of the estate.  It follows
that the motions are not "related to" the bankruptcy case.

For all of these reasons, the court lacks subject matter

jurisdiction.[1]  Accordingly, it is

    ORDERED that the debtor's *Emergency Motion to Dismiss Foreclosures [sic] Proceeding* and the debtor's motion styled *Leave to Plead* are dismissed for lack of subject matter jurisdiction.

                                     [Signed and dated above.]

Copies to: Debtor; recipients of e-notification.

---

[1] Moreover, the chapter 7 trustee is the party with standing to administer the property of the estate, and the debtor has not pled facts showing an economic interest conferring standing on him to assert a claim regarding the administration of the estate. In any event, if this court did have subject matter jurisdiction, and if the debtor did have standing, the relief the debtor seeks must be sought by way of an adversary proceeding complaint.